UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

STEPHON DELEON PICKETT,

     *Petitioner*,

CRIMINAL CASE NO. 15-CR-20384
CIVIL CASE NO. 16-CV-11594

v.

UNITED STATES OF AMERICA,

DISTRICT JUDGE THOMAS L. LUDINGTON
MAGISTRATE JUDGE PATRICIA T. MORRIS

     *Respondent*.
_____/

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION
ON PETITIONER'S MOTION UNDER 28 U.S.C. § 2255
TO VACATE, SET ASIDE, OR CORRECT SENTENCE AND
RESPONDENT'S MOTION TO DISMISS**
(Docs. 29, 34 )

**I.**    **RECOMMENDATION**

For the following reasons, **IT IS RECOMMENDED** that Petitioner's Motion (Doc. 29) be **DENIED**; that Respondent's Motion to Dismiss (Doc. 34) be **GRANTED** and that the civil case be **DISMISSED**.

**II.**    **REPORT**

    **A.**    **Introduction**

On September 2, 2015, Petitioner pled guilty to Count 1 of the indictment charging him with distribution of cocaine base in violation of 21 U.S.C. § 841(a)(1). (Doc. 15.) On December 15, judgment was entered and Petitioner was sentenced to 151 months incarceration. (Doc. 20.) Petitioner filed an appeal and on August 29, 2016, the Sixth Circuit dismissed Petitioner's appeal, granting Respondent's motion to dismiss based upon the appellate-waiver provision in the plea agreement. (Doc. 36.) Prior to this appellate decision issuing, on May 2,

2016, Petitioner filed the instant motion to vacate sentence. (Doc. 29.) On May 31, 2016, Respondent filed the instant motion to dismiss because Petitioner's appeal was still pending and because Petitioner's sentence was enhanced, under the career offender guideline, based on his three qualifying controlled substance convictions; thus, his prior conviction for felonious assault was not used and did not impact the application of the career offender guideline. (Doc. 34 at ID 152.)

### B. Analysis and Conclusion

The portion of Respondent's motion to dismiss that argues for dismissal based on the fact that Petitioner's appeal is still pending is no longer relevant since his appeal has been decided and denied. Accordingly, I will focus on the substantive grounds raised in the motion to vacate and the motion to dismiss.

Petitioner's sole asserted ground for relief is the decision of the United States Supreme Court in *Johnson v. United States*, 135 S. Ct. 2551 (2015). (Doc. 29.)

In *Johnson*, the Supreme Court held that the Armed Career Criminal Act's (ACCA's) residual clause, i.e., the clause that defines a "violent felony" to include an offense that "involves conduct that presents a serious potential risk of physical injury to another" is unconstitutionally vague and violates due process. 18 U.S.C. § 924(e)(2)(B)(ii). The Supreme Court has further held that *Johnson* has retroactive effect in cases on collateral review. *Welch v. United States*, 136 S. Ct. 1257, 1265 (2016).

*Johnson* marks the beginning of a wave of federal court decisions analyzing the propriety of sentencing enhancements under the ACCA (including *Mathis*) and similar provisions under the sentencing guidelines.

As to the sentencing guidelines, the Sixth Circuit has held that since the United States Sentencing Guidelines (USSG) § 4B1.1 (career offender enhancement) also has a residual clause that is identical in wording to the residual clause in the ACCA, the *Johnson* rationale applies equally to the sentencing guidelines residual clause defining a crime of violence. USSG § 4B1.2(a); *United States v. Pawlak*, No. 15-3566, 2016 WL 2802723, at *8 (6th Cir. Mar. 13, 2016).

*Johnson* concerned the second half of the phrase under the ACCA §924(e)(2)(B)(ii), i.e., the residual clause. The residual clause follows a list of enumerated violent felonies under §924(e)(2)(B)(ii), i.e., "burglary, arson, or extortion, involves the use of explosives..." *Mathis v. United States*, ___ U.S. ___, 136 S. Ct. 2243 (2016) governs how to interpret whether a state conviction qualifies under this list of generic offenses.

In *Mathis*, the Court held that in determining whether a prior state violent felony conviction counts toward a federal sentence enhancement under the ACCA, courts must apply the categorical approach - not the modified categorical approach - where a criminal statute establishes various means for satisfying a single element. *Mathis* focuses on the portion of the same subsection of the ACCA that was not addressed by the Court in *Johnson*. The Court in *Mathis* found that Iowa's burglary statute had a broader locational element than generic burglary and thus, the Iowa conviction could not qualify as a prior violent felony conviction under the ACCA's enumerated offenses of "burglary, arson, or extortion, involves the use of explosives..." §924(e)(2)(B)(ii).

On October 26, 2016, the Sixth Circuit decided *United States v. Ritchey,* 840 F.3d 310 (6th Cir. 2016). The Sixth Circuit provided a method for analyzing potential predicate

3

convictions used under the ACCA as interpreted by the Court in *Mathis* and held that a conviction under Mich. Comp. Laws §750.110, for breaking and entering a building with intent to commit a felony or larceny therein, could not qualify as a violent felony under the ACCA since its elements were broader than those of the generic enumerated offense of burglary. Therefore, the Sixth Circuit vacated Ritchey's sentence and remanded for resentencing consistent with its decision and the United States Supreme Court's decision in *Mathis*.

Case law on the topic of either statutory (ACCA) or guideline (career offender) enhancement for violent offenses continues to unfold; however, none of these interesting interpretations are of any consequence to Petitioner because his sentence was not enhanced under the career offender guideline provision covering violent crimes. § 4B1.2(a). Petitioner was sentenced as a career offender under § 4B1.1 because he had two (actually three) prior controlled substance convictions. (Doc. 15 at ID 49, 51; Doc. 34 at ID 152.)

Where, as here, Petitioner's sentence was enhanced under the sentencing guidelines based on prior controlled substance convictions, *Johnson*, *Beckles*, *Mathis*, and *Ritchey* simply do not apply. I therefore suggest that Petitioner's motion (Doc. 29) be denied and that Respondent's motion to dismiss (Doc. 34) be granted.

**III.    REVIEW**

Rule 72(b)(2) of the Federal Rules of Civil Procedure states that "[w]ithin 14 days after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations. A party may respond to another party's objections within 14 days after being served with a copy." Fed. R. Civ. P. 72(b)(2); *see also* 28 U.S.C. § 636(b)(1). Failure to file specific objections constitutes a waiver

of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140, 155; *Howard v. Sec'y of Health & Human Servs.*, 932 F.2d 505, 508 (6th Cir. 1991); *United States v. Walters*, 638 F.2d 947, 950 (6th Cir. 1981). The parties are advised that making some objections, but failing to raise others, will not preserve all the objections a party may have to this Report and Recommendation. *Willis v. Sec'y of Health & Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987). According to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this magistrate judge.

Any objections must be labeled as "Objection No. 1," "Objection No. 2," etc. Any objection must recite precisely the provision of this Report and Recommendation to which it pertains. Not later than 14 days after service of an objection, the opposing party may file a concise response proportionate to the objections in length and complexity. Fed. R. Civ. P. 72(b)(2); E.D. Mich. LR 72.1(d). The response must specifically address each issue raised in the objections, in the same order, and labeled as "Response to Objection No. 1," "Response to Objection No. 2," etc. If the Court determines that any objections are without merit, it may rule without awaiting the response.

Date: December 8, 2016    S/ PATRICIA T. MORRIS
                          Patricia T. Morris
                          United States Magistrate Judge

**CERTIFICATION**

I hereby certify that the foregoing document was electronically filed this date through the Court's CM/ECF system which delivers a copy to all counsel of record. A copy was also sent via First Class Mail to Stephon Deleon Pickett #51099039 at McKean Federal Correctional Institution, Inmate Mail/Parcels, P.O. Box 8000, Bradford, PA 16701.

Date: December 8, 2016    By s/Kristen Castaneda
                          Case Manager