UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

UNITED STATES OF AMERICA,

        Plaintiff,

        Case Number: 15-cr-20384

v.

        Honorable Thomas L. Ludington

STEPHON DELEON PICKETT,

        Defendant.
_____/

## ORDER OVERRULING OBJECTIONS, ADOPTING REPORT AND RECOMMENDATION, DENYING PETITIONER'S MOTION TO VACATE SENTENCE, AND DENYING GOVERNMENT'S MOTION TO DISMISS AS MOOT

On September 2, 2015, Defendant Stephon Deleon Pickett pled guilty to one count of distributing cocaine base in violation of 21 U.S.C. § 841(a)(1). ECF Nos. 14. On December 10, 2015 Defendant Pickett was sentenced to 151 months of imprisonment, 36 months of supervised release, and a special assessment of $100. His sentence was based in part upon his designation as a career offender. Judgment was entered on December 15, 2015. ECF No. 20.

Defendant filed a notice of appeal on December 17, 2015. ECF Nos. 21, 22. While his appeal was pending, on May 2, 2016 Defendant Pickett filed a motion to vacate his sentence pursuant to 28 U.S.C. § 2255, arguing that his designations a career offender was rendered unconstitutional by the Supreme Court's decision in *Johnson v. United States*, 135 S. Ct. 2551 (2015) (striking down the residual clause of the Armed Career Criminal Act as unconstitutionally vague). *See* ECF No. 29. That motion was referred to Magistrate Judge Patricia T. Morris. *See* ECF No. 32. On May 31, 2016 the Government moved to dismiss Pickett's petition on the grounds that his appeal was still pending. *See* ECF No. 34. Before the court decided that

motion, the Sixth Circuit dismissed Defendant's appeal based on an appellate-waiver provision contained in his plea agreement. *See* ECF No. 36.

On December 8, 2016 the magistrate judge issued her report, recommending that Defendant Pickett's motion to vacate be denied. *See* ECF No. 37. The magistrate judge reasoned that *Johnson* was inapplicable to Defendant's conviction and sentence because Pickett's career offender status was based upon two prior drug convictions. *Id.* Picket filed objections on January 4, 2017. *See* ECF No. 38.

**I.**

Pursuant to Federal Rule of Civil Procedure 72, a party may object to and seek review of a magistrate judge's report and recommendation. See Fed. R. Civ. P. 72(b)(2). Objections must be stated with specificity. *Thomas v. Arn*, 474 U.S. 140, 151 (1985) (citation omitted). If objections are made, "[t]he district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to." Fed. R. Civ. P. 72(b)(3). De novo review requires at least a review of the evidence before the magistrate judge; the Court may not act solely on the basis of a magistrate judge's report and recommendation. *See Hill v. Duriron Co.*, 656 F.2d 1208, 1215 (6th Cir. 1981). After reviewing the evidence, the Court is free to accept, reject, or modify the findings or recommendations of the magistrate judge. *See Lardie v. Birkett*, 221 F. Supp. 2d 806, 807 (E.D. Mich. 2002).

Defendant Pickett first objects to the Magistrate Judge's finding that his career offender status is based upon prior drug convictions. This objection is without merit, as Defendant Picket had three qualifying prior controlled substance offenses under U.S.S.G. § 4B1.2 at the time of his sentencing. The Supreme Court's decision in *Johnson* therefore does not implicate his designation as a career offender under U.S.S.G. § 4B1.1.

In the alternative, Defendant argues that he should be granted leave to amend his motion to vacate to add a claim of ineffective assistance of counsel. He argues that his appellate counsel informed him that career offender status was based upon a prior felony assault. Defendant's proposed amendment would be futile. To show he was denied the effective assistance of counsel under federal constitutional standards, a petitioner must satisfy a two prong test. First, he must demonstrate that, considering all of the circumstances, counsel's performance was so deficient that the attorney was not functioning as the "counsel" guaranteed by the Sixth Amendment. *Strickland v. Washington*, 466 U.S. 668, 687 (1984). Second, a petitioner must show that such performance resulted in prejudice. *Id*. To demonstrate prejudice, a petitioner must show that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id*. at 694. Because Petitioner has not demonstrated that he was prejudiced by his appellate counsel's alleged advice, or that he would have obtained a more favorable outcome but for his counsel's alleged advice, his objections will be overruled.

**II.**

Accordingly, it is **ORDERED** that Defendant Pickett's objections, ECF No. 38, are **OVERRULED**.

It is further **ORDERED** that the magistrate judge's report and recommendation, ECF No. 37, is **ADOPTED**.

It is further **ORDERED** that the Government's motion to dismiss, ECF No. 34, is **DENIED as moot**.[1]

---

[1] To the extent the magistrate judge recommended granting the Government's motion to dismiss the report and recommendation is rejected.

It is further **ORDERED** that Defendant Pickett's motion to vacate, ECF No. 29, is **DISMISSED with prejudice.**

It is further **ORDERED** that a certificate of appealability is **DENIED**.

It is further **ORDERED** that leave to proceed *in forma pauperis* on appeal is **DENIED**.

Dated: February 3, 2017                              s/Thomas L. Ludington
                                                     THOMAS L. LUDINGTON
                                                     United States District Judge

---

**PROOF OF SERVICE**

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on February 3, 2017.

                                    s/Kelly Winslow for
                                    MICHAEL A. SIAN, Case Manager

---